# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.
_____

RICHARD FINNEY,

      Plaintiff,

v.

LOCKHEED MARTIN CORPORTATION

      Defendant.
_____

## COMPLAINT
_____

Comes now the plaintiff, Richard Finney, by and through his counsel, McNamara Roseman & Kazmierski LLP, and for his Complaint against the above-named Defendant, alleges as follows:

## JURISDICTION AND VENUE

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 1367. This action is authorized and instituted pursuant to 29 U.S.C. §621 *et seq*.

2.    The acts complained of herein were committed, or had their principal effect, within the District of Colorado, and therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

1

## PARTIES

1. Plaintiff Richard Finney ("Finney") is a citizen of the United States, and a resident of and domiciled in the State of Colorado. Mr. Finney was born on August 30, 1958.

2. Defendants Lockheed Martin Corporation, doing business as Lockheed Martin Space Systems Company ("Lockheed") is a Maryland Corporation, with its principal place of business at Bethesda, Maryland, and is an employer within the meanings set forth in applicable state and federal law, and was, at all times relevant to allegations in this Complaint, Plaintiff's employer.

## ADMINISTRATIVE PREREQUISITES

3. Plaintiff filed a charge of discrimination based on age and retaliation, Charge No. 541-2012-02271, with the Equal Employment Opportunity Commission on or about August 15, 2013. Plaintiff received a Notice of Right to Sue regarding his charge from the EEOC on January 4, 2013. Plaintiff's Complaint is timely filed in accordance with the Notice.

## FACTUAL ALLEGATIONS

4. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated herein.

5. In addition to its numerous facilities around the world, Lockheed operates a Littleton, Colorado office.

6. Mr. Finney was employed by Lockheed for over thirty years prior to his April 26, 2012 layoff from the company. Over his career, Mr. Finney has served in a number of engineering positions with the company, and, at the time of his layoff, was serving as a Senior Staff Engineer in Lockheed's Littleton, Colorado facility.

7. During his distinguished career, Mr. Finney has been responsible for numerous patentable inventions, including technology utilized on a wide variety of spacecraft and satellites that have ultimately been successfully launched into space. Even as of the date of this Complaint, spacecraft with components designed in whole or in part by Mr. Finney are successfully performing their missions in space.

8. Mr. Finney's career proceeded well until he was approximately 50 years old, and he regularly received glowing performance reviews from the company. That all changed when Mr. Finney came under the management of Stuart Spath and Tim Linn in 2009.

9. Almost immediately after becoming Finney's supervisors, Spath and Linn sought to replace Finney with a significantly younger employee. Only after Finney made complaints to Lockheed's Human Resources department did Linn and Spath cease their immediate efforts to replace Finney with a younger employee.

10. Mr. Linn also made a number of comments in the presence of Mr. Finney and others that were derogatory towards older employees.

11. In the fall of 2009, Linn and Spath issued Finney a baseless performance evaluation. The evaluation, by far the worst of Finney's lengthy career at Lockheed, rated him as below satisfactory levels.

12. Following receipt of the evaluation, Finney immediately complained to Lockheed's Human Resources that he felt he was being discriminated against because of his age, and because of his prior complaints about Linn and Spath. Finney subsequently filed a Charge of Discrimination with the EEOC over the incident.

13. In early 2011, after over thirty years of service to the company, Spath selected Finney for layoff from the GRAIL spacecraft program. Pursuant to the company's policies and

3

procedures, upon layoff from a program, it is the responsibility of the employee to find an alternative program position, from among open positions posted on a company intranet, within a set timeframe or be subject to layoff from the company. Upon information and belief, Finney's work on the GRAIL program continued despite the layoff and Finney was effectively replaced by several employees who were significantly younger and less qualified than Finney.

14. Since Finney was replaced on the GRAIL program, he has applied for dozens of positions with the company, on a wide variety of programs. For the vast majority of these positions, Finney was not even interviewed, much less selected. Despite a stellar record at Lockheed, many of these positions were filled by less qualified, younger employees who had not made prior complaints of discrimination.

15. While the official company line requires each employee to be responsible for finding his or her next position, Lockheed managers often filled positions with younger employees without formally advertising the positions, thus preventing older employees, such as Mr. Finney, from even applying for the positions.

16. In the late spring of 2011, Finney was ultimately offered the choice of accepting a demotion to a Level 4 Staff Engineer position on the GPS III program or being laid off by the company. Finney had no choice but to accept the lower GPS III position. While not resulting in an immediate salary loss, the position would effectively prevent Finney from receiving any future raises, as he was already at the top of the salary grade. Finney again filed a Charge of Discrimination and complained internally of age discrimination and retaliation over the incident.

17. While serving in the GPS III position, Finney continued to apply regularly for Level 5 Staff Engineer positions, but continued to be passed over for younger, less qualified candidates.

4

18. At the same time as Finney's career was being frustrated, Lockheed was similarly targeting other older employees in Colorado for layoff. Upon information and belief, Senior LM Space Systems Manager Joanne Maguire told a number of Finney's subordinates that "you're all too old and you make too much money."

19. By the fall of 2011, Finney's working conditions had deteriorated significantly. David Chang, Finney's home shop supervisor, was instructed by management not to communicate with Mr. Finney. Moreover, Finney was placed on successive "performance improvement plans" in the late fall and winter of 2011-2012.

20. Within days of Mr. Finney being issued a layoff notice in the early spring of 2012, GPS III hired two new engineers including one at a higher salary than Mr. Finney, into a position which Mr. Finney had been qualified for, applied for yet was denied interview opportunity. Both of these engineers, Edwina Paisley and Michelle Pitkethley had significantly less experience than Mr. Finney and were thirty-one and thirty years of age respectively. Upon his layoff, Mr. Finney's job duties were taken over by Rachel Landess, who is also in her thirties, and had significantly less experience than Mr. Finney.

21. Finney was formally laid off by Lockheed on or about April 22, 2012.

22. Upon information and belief, at the same time Finney was laid off from the GPS III program, Lockheed laid off a number of his co-workers, all or substantially all of whom were over the age of 40, but did not layoff a number of significantly younger, less qualified employees.

23. Mr. Finney has suffered damages as a result of Lockheed's actions, including lost salary and benefits, and significant emotional distress.

5

## **STATEMENT OF CLAIMS**

FIRST CLAIM FOR RELIEF
(Age Discrimination and Hostile Work Environment in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*)

24. Plaintiff repeats and realleges all pervious paragraphs of this Complaint as though fully incorporated herein.

25. Plaintiff is over the age of 40, and thus a member of a protected class under the ADEA.

26. Defendant maintained and condoned a hostile work environment on the basis of age that was pervasive and severe.

27. Defendant maintained a workforce and environment that discriminated on the basis of age.

28. Plaintiff was subjected to a pervasive and severe hostile work environment because of his age.

29. The hostile and discriminatory work environment to which Plaintiff was subjected adversely affected the terms and conditions of his employment with Defendant.

30. Defendant's conduct in maintaining and condoning a hostile work environment on the basis of Plaintiff's age was an unlawful employment practice in violation of Title VII.

31. The effect of Defendant's unlawful employment practice has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee.

32. Defendant failed to place Plaintiff in a number internal positions for which he applied and was qualified, and instead hired younger, less qualified candidates.

33. Defendant laid off Plaintiff from his employment with the GPS III program and subsequently, the company, despite his satisfactory performance, while younger, less qualified employees were permitted to continue in their employment.

34. Defendant's rationale for failing to place Plaintiff in the positions for which he applied, and laying Plaintiff off from his GPS III position and his position with the company is a mere pretext for discrimination.

35. Defendant's unlawful employment practice was intentional.

36. Defendant's conduct was willful and wanton, or was performed in reckless disregard for Plaintiff's protected rights against discrimination under Title VII.

37. As a direct result of Defendant's unlawful and intentional conduct, Plaintiff has suffered both economic and non-economic losses and injuries. Plaintiff prays for relief from his injuries and losses as more fully set forth below.

## SECOND CLAIM FOR RELIEF
(Retaliation under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*)

38. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated herein.

39. Plaintiff engaged in protected activity by filing several Charges of Discrimination alleging age discrimination and retaliation. Moreover, Plaintiff made internal complains to Human Resources and others at Lockheed about unlawful age discrimination and retaliation.

40. Plaintiff suffered adverse employment actions by Defendant during the course of his employment, including but not limited to, layoff and failure to hire Plaintiff into a number of internal positions for which he applied and was qualified, but for which employees who had not made prior complaints of discrimination were selected.

41. Defendant knew that Plaintiff engaged in the above stated protected activities. The adverse actions taken by Defendant were a direct result of Plaintiff's complaints of discrimination and hostile work environment.

42. Defendant's conduct was willful and wanton, or performed in reckless disregard for Plaintiff's protected rights against retaliation under Title VII.

43. As a direct result of Defendant's unlawful and intentional conduct, Plaintiff has suffered both economic and non-economic losses and injuries. Plaintiff prays for relief from his injuries and losses, as more fully set forth below.

## PRAYER FOR RELIEF

**WHISEFORE**, Plaintiff Richard Finney respectfully prays for an order of this honorable Court entering judgment in his favor against Defendants, and that it order the following relief:

A. Declare that the acts and practices complained of herein were in violation of federal laws, and constituted intentional and/or willful conduct by Defendants;

B. Enjoin and permanently restrain these violations;

C. Direct Defendant to take affirmative steps as are necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

D. Award Plaintiff actual economic damages in an amount to be determined at trial to compensate his for any lost wages, benefits, and lost employment opportunities;

E. Award Plaintiff compensatory damages including, but not limited to, those for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

  F. Award Plaintiff punitive and/or liquidated damages, as allowed by law, and to be determined at trial;

  G. Retain jurisdiction of this matter to ensure full compliance with the orders of this Court;

  H. Award Plaintiff reasonable attorneys' fees and costs of this litigation;

  I. Award Plaintiff pre-judgment and post-judgment interest as the highest lawful rate;

  J. Award Plaintiff the costs of this action, together with reasonable expert witness fees, as provided by law; and

  K. Grant such other and further relief as this Court deems necessary, proper, and just.

**PLAINTIFF REQUESTS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 4th day of April, 2013.

      McNAMARA ROSEMAN
      & KAZMIERSKI LLP

      s/Mathew S. Shechter, Esq._____
      Todd J. McNamara, Esq.
      Mathew S. Shechter, Esq.
      1640 East 18th Avenue
      Denver, Colorado 80218
      (303) 333-8700
      Fax: (303) 331-6967
      Email: tjm@18thavelaw.com
        mss@18thavelaw.com

*Plaintiff's Address*:
Richard Finney
21444 North Turkey Creek Road
Morrison, CO 80465